Petition of BLAKE et al.  THE TENNESSEE.  THE W. H. PECKHAM.

(District Court, W. D. New York.  September 25, 1922.)

No. 1153.

1. Collision ⊜⟹95(1)—Tugs with tows in crowded channels required to exercise extraordinary care.

Tugs with tows in narrow channels or crowded waters are required to exercise extraordinary care, and to avoid meeting and passing other vessels in congested places, or where it may fairly be anticipated mishap may result from doing so.

2. Collision ⊜⟹95(7)—Meeting tugs with tows both held in fault for collision in narrow channel.

Two tugs, each with a vessel in tow, which agreed to meet and pass when the channel was narrow and obstructed by vessels moored on either side, both *held* in fault for collision between the tows.

In Admiralty. In the matter of the petition of William J. Blake and Arthur C. Vroman, doing business as the White Star Tug Line, as owners of the tug W. H. Peckham, for limitation of liability. Suit for collision by the American Steamship Company, as owner of the steamer Theodore H. Wickwire, against the tugs Tennessee, Georgia,

and W. H. Peckham, and the Thornton & Chester Milling Company's lighter. Decree against the tugs Tennessee and W. H. Peckham.

Brown, Ely & Richards, of Buffalo, N. Y. (John B. Richards and Lawrence E. Coffey, both of Buffalo, N. Y., of counsel), for American S. S. Co.

Goulder, White & Garry, of Cleveland, Ohio, for the Tennessee and the Georgia.

Shire & Jellinek, of Buffalo, N. Y. (George Clinton, Jr., of Buffalo, N. Y., of counsel), for the W. H. Peckham.

HAZEL, District Judge. [1] The law is well settled that steam vessels, navigating or undertaking to navigate in narrow channels or in waters crowded with other craft, are required to exercise extraordinary care to avoid coming in collision, and steam tugs with tow must be navigated with such a degree of carefulness as to avoid meeting and passing in congested places, or in localities where it may fairly be anticipated that mishap will result, or is likely to result, from doing so. This rule applies with especial force to large tows, which require using nearly the whole channel. Vessels must not only give notice of their approach, but also give assistance to vessels coming from an opposite direction and having the right to pass, and measures commensurate with the circumstances must be taken to keep out of harm's way. The Lucy (D. C.) 21 Fed. 142.

In the present instance it was required of both the ahead and rear tugs, the Tennessee and the Georgia, which together had absolute charge and control of the steamer Wickwire, to separately exercise such care and precaution, and obedience to signals and the requirements of the situation, as was commensurate with the difficulties. The tug Peckham and her tow, the Thornton & Chester lighter, which had come from a southerly direction to meet and pass the Wickwire, proceeding up Blackwells Canal, was required to use greater care and precaution than ordinarily would be necessary. In this view of the law, and having in mind the crowded condition of the channel at the passing point, the cumbersomeness of both tows, the dimensions of the Wickwire and lighter, and the fact that on opposite sides of the channel where passing was contemplated were moored the steamers Mitchell and Canopus, thus greatly narrowing the channel, I have concluded on the evidence that the tug Tennessee, the ahead tug towing the Wickwire, and the tug Peckham, towing the lighter, were both negligent in their navigation and failed to exercise that degree of care which the occasion demanded. It was due to faulty navigation on the part of both these tugs that injury was sustained by the Wickwire from impingement on her port bow with the lighter.

[2] It is unnecessary to comment upon the testimony of the different witnesses, save to say that on essential matters it is contradictory. The channel at the place where the tugs Tennessee and Peckham had agreed to pass was not more than 100 feet wide, taking into consideration the spaces of the Canopus and Mitchell and that the Wickwire was 504 feet long and 5 feet 6 inches beam, the Peckham being 13 feet 6 inches beam, and the lighter 26 feet beam, length being 125 feet.

Passing was agreed upon by the Tennessee and Peckham under a one-blast signal, and the tows then proceeded slowly ahead; but when the steamship and lighter were between the moored steamers, one on each side of the channel, the lighter was allowed to veer over to the port quarter of the Wickwire, impinging her. The difficulties in passing between the moored vessels, and the risks arising therefrom were known to the masters of the tugs Tennessee and Peckham, and they no doubt appreciated them. They nevertheless agreed on taking the risk and attempted to pass where collision was liable to occur. Failing to pass in safety, they must be held jointly liable for the damage sustained. The steamship and lighter were unnecessarily put into peril. The Tennessee, in my opinion, should have remained below the narrow part of the channel, and should have permitted the Peckham and lighter to clear before proceeding up the canal.

I think, too, that a fair preponderance of the evidence warrants the conclusion that, after passing signals had become operative the Tennessee permitted the Wickwire to take up too much space; in fact, to crowd over to the waters that should have been left to the Peckham and tow. The Peckham, however, must also be condemned for suggesting passing of the place where passing was obviously involved in risk. Her master knowingly put himself and tow in a position where passing would be very close. If he considered the space sufficient to pass, he should nevertheless have stopped immediately upon noticing the imminence of danger, instead of merely slowing down and waiting to see whether the Wickwire would stop or continue to come ahead. Upon maneuvering to arrest the headway of the lighter, his tug came between the lighter and the Canopus, with the result that the lighter was forced over into the Wickwire. His faults in getting into a position where passing was fraught with danger, and then, when danger was apparent, failing to quickly stop the tow, rendered the tug Peckham liable.

The evidence is insufficient to permit holding in fault the Georgia, the rear tug assisting in towing the steamer Wickwire. She is shown to have promptly obeyed all signals blown to her by the ahead tug, and no satisfactory showing is made that she was at fault for crowding the channel or allowing the steamer to sag over. Hence the Tennessee and Peckham must pay half the damages, with costs, and a reference, subject to proceeding to limit liability, may be had to determine the amount.